UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY JAVITZ & DONNA JAVITZ,<br><br>    Plaintiff,<br>v.<br><br>BERNADINE LUKASEWICZ et al.,<br><br>    Defendant. | CIVIL ACTION NO. 3:24-CV-00250<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

The present matter was commenced in the Court of Common Pleas of Lackawanna County by Writ of Summons on March 27, 2023. (Doc. 1). On February 9, 2024, the case was removed to this Court. (Doc. 1). Presently before the Court are several motions filed by Defendants requesting this Court dismiss and remand this action. (Doc. 2; Doc. 11; Doc. 28). Also before the Court are Plaintiffs' motion to strike interrogatories and requests for production served by Defendant Building Inspection Underwriters of Pennsylvania, Inc. ("BIU") and motion for default judgment against Defendant David Jones ("Jones"). (Doc. 13; Doc. 24). For the following reasons, the Court will **GRANT** BIU's motion to dismiss in part (Doc. 2), **GRANT** Jones' motion to sever and remand this case (Doc. 28), **REMAND** all Plaintiffs' state law claims back to Lackawanna County Court of Common Pleas, and **DENY** the rest of the outstanding motions as **MOOT** (Doc. 11; Doc. 13; Doc. 24).

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following factual background comes from Plaintiffs Ashley Javitz and Donna Javitz's ("Plaintiffs") amended complaint, filed on January 25, 2024 against Defendants BIU, Bernadine Lukasewicz, and Jones. (Doc. 13). This case stems from issues with construction completed at Plaintiffs' property located at 647 Simpson Street, Throop, Pennsylvania 18512

("the Property") that was overseen by Thomas Lukasewicz, a general contractor based in Throop. (Doc. 1-3, ¶ 25). Plaintiffs allege that Bernadine Lukasewicz, working on behalf of her husband Thomas Lukasewicz, completed work at the Property that was in violation of the Uniform Construction Code ("UCC") adopted by Throop. (Doc. 1-3, at 25-30). Plaintiffs also aver that under Thomas Lukasewicz's instruction, Jones trespassed on their land, "created a structure that was not suitable for a living space to be placed on top of it," and completed construction in violation of the UCC. (Doc. 1-3, ¶¶ 36, 70-75). Lastly, Plaintiffs complain that while BIU was contracted to "perform plan review and inspections services" for the construction completed under Thomas Lukasewicz's direction, it too failed to comply with applicable building codes and the UCC. (Doc. 1-3, at 5-7). As a result, Plaintiffs filed the instant lawsuit in Lackawanna County Court of Common Pleas. (Doc. 1). The operative amended complaint was filed on January 25, 2024. (Doc. 1-3).

On February 9, 2024, this action was removed to federal court on the basis of federal question jurisdiction. (Doc. 1). While Plaintiffs assert primarily state law claims against Defendants, including for trespass, negligent trespass, private nuisance, breach of contract, negligent misrepresentation, and intentional misrepresentation, Plaintiffs also assert one claim under federal law, a broadly stated 42 U.S.C. § 1983 claim against BIU. (Doc. 1-3, ¶ 127-1310). On February 13, 2024, BIU filed a motion to dismiss for failure to state a claim upon which relief may be granted. (Doc. 2). On March 1, 2024, Bernadine Lukasewicz filed a motion to dismiss for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction. (Doc. 11). On March 15, 2024, and March 25, 2024, Plaintiff Donna Javitz filed a motion to strike discovery by BIU and a motion for default judgment as to Jones respectively. (Doc. 13; Doc. 24). On March 25, 2024, Jones filed a motion to sever

and remand. (Doc. 28). Each motion has been fully briefed and accordingly is ripe for discussion.

II. **LEGAL STANDARDS**

A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint are true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although a court must accept the factual allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, the United States Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss, a court may consider the facts alleged on the face of the complaint, as well

3

as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

    B.  M<small>OTION TO</small> D<small>ISMISS FOR</small> L<small>ACK FOR</small> J<small>URISDICTION</small>

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Gould Electronics Inc. v. United States*, 220 F. 3d 169, 176 (3d Cir. 2000). In a facial challenge under Rule 12(b)(1), a defendant argues that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008). In response to the defense's facial challenge of subject-matter jurisdiction, the Court "must consider the allegations of the complaint as true." *Mortensen v. First Fed. Savings & Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977). In a factual challenge under Rule 12(b)(1), "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. "Evidence outside the pleadings [may be examined] to determine ... jurisdiction." *Gould Electronics Inc. v. United States*, 220 F. 3d 169, 178 (3d Cir. 2000). "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *In re Corestates Trust Fee Litigation*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994). "Rule 12(b)(1) motions may be filed at any time and repeatedly, if the movants assert new arguments warranting [the court's] attention." *Fahnsestock v. Reeder*, 223 F. Supp. 2d 618, 621 (E.D. Pa. 2002).

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Additionally, "federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different States.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332(a)(1)).

C. MOTION TO REMAND

The removal of cases from state courts to federal courts is governed by 28 U.S.C. §§ 1441–1455. Under § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant 28 U.S.C. 1441(c)(2), the Court may sever and remand any "claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute."

Section 1446 of the removal statute further sets forth the procedures for removal, explaining that a defendant seeking removal of an action must file a petition for removal with the proper district court that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court action. 28 U.S.C. § 1446(a). After a case has been removed, a plaintiff may move to remand the action back to state court under 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *Ramos v. Quien,* 631 F. Supp. 2d 601, 607 (E.D. Pa. Nov. 18, 2008) (quoting *PAS v. Travelers Ins. Co.,* 7 F.3d 349, 352 (3d Cir. 1993)). However, a "motion to remand the case

5

on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

Because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and the Third Circuit Court of Appeals have recognized that removal statutes are to be strictly construed against removal with all doubts resolved in favor of remand. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

**III.   DISCUSSION**

In their amended complaint, Plaintiffs argue only one claim implicating federal law. (Doc. 1-3, ¶¶ 127-131). Plaintiffs assert a broad claim under § 1983 against BIU. (Doc. 1-3, ¶¶ 127-131). Because the § 1983 claim is the only basis for this Court's jurisdiction, as the parties are not diverse and Plaintiffs have raised no additional federal question, the Court will first consider BIU's motion to dismiss and determine whether this claim is subject to dismissal before deciding whether to address Plaintiffs' additional claims through the exercise of supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. 2). If the Court does not exercise supplemental jurisdiction, Plaintiffs' additional claims should be remanded back to state court pursuant 28 U.S.C. § 1441. (Doc. 28); *see Stouffer v. RestoreCore Mgmt., Inc.*, No. CIV.A. 1:07-CV-1587, 2008 WL 2682110, at *3 (M.D. Pa. July 1, 2008) ("Without supplemental jurisdiction under § 1367, the Court lacks subject matter jurisdiction" over claims not implicating federal law).

A. MOTION TO DISMISS PLAINTIFFS' § 1983 CLAIM AGAINST BIU

BUI argues that Plaintiffs' § 1983 claim is "wholly frivolous." (Doc. 5, at 28). Pointing to the fact that this claim is not defined in the complaint but appears to complain that BIU violated Plaintiffs' right to substantive due process under the Fourteenth Amendment, BIU avers that Plaintiffs have failed to plead the "conscious shocking" behavior required to sustain their claims. (Doc. 5, at 31). Citing to the Third Circuit's decision in *Thomas v. Independence Township*, Plaintiffs argue that "a civil rights complaint is not subject to dismissal due to the absence of factual allegations. A plaintiff need not plead facts, but instead need only make out a claim upon which relief can be granted." (Doc. 35, at 34); 463 F.3d 285, 295 (2006). Not only is this untrue considering longstanding Supreme Court precedent decided after *Thomas*, but in their amended complaint Plaintiffs fail to "make out a claim [under § 1983] upon which relief can be granted." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a plaintiff must allege "enough facts to state a claim to relief that is plausible on [the] face [of the complaint]."). Accordingly, Plaintiffs' § 1983 will be dismissed.

First, Plaintiffs do not define the right under which they assert their § 1983 claim in their amended complaint. Alleging just a violation of § 1983 is insufficient to put Defendants on notice of the claims against them, as "§ 1983 by itself does not protect anyone against anything." *Gonzaga University v. Doe*, 536 U.S. 273, 285 (2002). Instead, § 1983 is a vehicle through which individuals can assert specific constitutional claims to enforce their rights. *Gonzaga University*, 536 U.S. at 285. However, adopting BIU's interpretation of Plaintiffs' §

1983 claim, the Court will consider whether Plaintiffs have sufficiently alleged a substantive due process claim. (Doc. 5, at 31).

"To state a substantive due process claim, a plaintiff must adequately plead that (1) the property interest at issue is protected by the Fourteenth Amendment, and (2) the plaintiff was deprived of that interest by behavior by a governmental official or entity which 'shocks the conscience.'" *Chester Cnty. Aviation Holdings, Inc. v. Chester Cnty. Aviation Auth.*, 967 F. Supp. 2d 1098, 1107 (E.D. Pa. 2013); *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008); *United Artists Theatre Cir., Inc. v. Twp. of Warrington*, 316 F.3d 392, 399–401 (3d Cir. 2003); *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1292 (3d Cir. 1993) ("[T]o prevail on a substantive due process claim, a plaintiff must demonstrate that an arbitrary and capricious act deprived them of a protected property interest."). "The 'core of the concept' of due process is 'the protection against arbitrary action.'" *Kalick v. United States*, 35 F. Supp. 3d 639, 646 (D.N.J. 2014), *aff'd*, 604 F. App'x 108 (3d Cir. 2015) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 845, (1998)). Accordingly, to sufficiently plead a substantive due process claim, a plaintiff must allege that the allegedly arbitrary action "can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 128 (1992). Plaintiffs have failed to do so here.

In their amended complaint, Plaintiffs allege that BIU deprived them of their right "to live in and use their property and their right to perform. [sic]." (Doc. 5, at 27-28). According to Plaintiffs, BIU did so because they "failed and refused to train and supervise its employees to perform the services that it was required to perform for Plaintiffs to the detriment of Plaintiffs depriving them of their right to live in and use their property and their right to property" and "the practices, policies and/or customs of BIU, permitted BIU to violate

8

Plaintiffs' constitutional rights." (Doc. 5, at 28). Beyond these conclusory allegations, Plaintiffs fail to identify the allegedly unconstitutional policies, practice, or custom at issue in this case.

Plaintiffs' substantive due process claim necessarily fails, however, because they do not allege any facts that support their allegation that their rights were violated by BIU in a way that was "conscious shocking" or otherwise arbitrary. Collins, 503 U.S. at 128; see Kalick, 35 F. Supp. 3d at 646. "Even if Plaintiff[s] could show [they have] been deprived of a property right protected by the Due Process Clause, [they] must then also adequately plead that Defendants engaged in conduct that "shocks the conscience." Chester Cnty. Aviation Holdings, Inc., 967 F. Supp. 2d at 1110. "Only 'the most egregious official conduct' will meet this standard." Chester Cnty. Aviation Holdings, Inc., 967 F. Supp. 2d at 1110 (citing Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 285 (3d Cir. 2004)). Simply alleging bad faith or improper purpose are insufficient to meet this standard. Chester Cnty. Aviation Holdings, Inc., 967 F. Supp. 2d at 1110.

Plaintiffs have not identified any egregious behavior on the part of BIU. Plaintiffs do not allege any facts that suggest BIU acted in a manner that was corrupt, fraudulent, akin to self-dealing, or with personal animus. See Giuliani v. Springfield Township, 238 F. Supp. 3d 670, 696 (E.D. Pa. 2017); see also Hazzouri v. W. Pittston Borough, 416 F. Supp. 3d 405, 417 (M.D. Pa. 2019) ("The Third Circuit has suggested that corruption or self-dealing can constitute conscious-shocking conduct."). Accordingly, they have met their pleading burden as it pertains to their §1983 claim. Thus, Plaintiffs' § 1983 against BIU is **DISMISSED**.

B. MOTION TO REMAND

Because this Court finds the §1983 claim upon which subject matter jurisdiction is predicated should be dismissed, the Court will decline to extend supplemental jurisdiction to the remainder of Plaintiffs' claims or to review them on the merits, instead opting to remand this case back to state court for resolution. When a plaintiff alleges federal law claims that fall within this Court's original jurisdiction pursuant to 28 U.S.C. § 1331, the Court may exercise supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367. Section 1367 provides in pertinent part that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, under Section 1367(c)(3), "[a] district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction[.]'" *Oras v. City of Jersey City*, 328 Fed. Appx. 772, 775 (3d Cir. 2009) (citing 28 U.S.C. § 1367(c)(3)). Moreover, as recognized by the Third Circuit, "[w]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Oras*, 328 Fed. Appx. at 775 (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal quotations omitted) (emphasis in original); *see Dozier v. Dep't of Corr.*, No. 1:12-CV-00838, 2013 WL 6631621, at *8 (M.D. Pa. Dec. 17, 2013) ("Where a district court has original jurisdiction pursuant to 42 U.S.C. § 1983 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the

district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction."(citing 28 U.S.C. § 1367(c)(3))).

Because the Court declines to extend supplemental jurisdiction to the remainder of Plaintiffs' claims, pursuant 28 U.S.C. 1441(c)(2), the Court may sever and remand these claims back to state court because they are not "within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute." Thus, Plaintiffs' remaining claims against all Defendants are to be **REMANDED** back to Lackawanna County Court for Common Pleas for resolution.

IV.   **CONCLUSION**

For the foregoing reasons, BIU's motion to dismiss is **GRANTED** in part. (Doc. 2). Plaintiffs' § 1983 claim against BIU is **DISMISSED**. The remainder of Plaintiffs' claims are **REMANDED** back to Lackawanna County Court for Common Pleas. Accordingly, Jones' motion to sever and remand is **GRANTED**. (Doc. 28). The parties' remaining motions are **DISMISSED** as **MOOT**. (Doc. 11; Doc. 13; Doc. 24). The Clerk of Court is directed to **CLOSE** this case.

An appropriate Order follows.

                                                  BY THE COURT:

**Dated: May 20, 2024**                          *s/ Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **United States District Judge**